UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HORACE CRUMP #236528,

        Plaintiff,                           Hon. Paul L. Maloney

v.                                                 Case No. 1:18-CV-1216

RICKEY COLEMAN, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for a Preliminary Injunction. (ECF No. 28). Plaintiff initiated this action on October 29, 2018, alleging denial of appropriate medical treatment for his "brain and spinal cord disease, optic nerve inflammation, and brain injury." One of Plaintiff's claims is that his medications are not being provided intact, but are instead first crushed and dissolved. Plaintiff now moves the Court for an order prohibiting his care providers from crushing and dissolving his medications prior to administration. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be denied.

## ANALYSIS

Injunctive relief is "an extraordinary remedy which should be granted only if. . .the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal

remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001). If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000). Rather than prerequisites which must each be satisfied, the relevant factors, none of which are dispositive, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118.

In support of his request for injunctive relief, Plaintiff argues that the efficacy of his various medications is diminished by having them crushed prior to administration. Plaintiff also argues that being provided his medications in this form exacerbates his heartburn and acid reflux. While the Court does not take lightly Plaintiff's complaints, the Court cannot ignore that Plaintiff has presented no evidence, other than his own affidavit, in support of his assertions. As for Plaintiff's sworn assertions, while such are not irrelevant, it must also be noted that Plaintiff is not a trained medical professional.

It appears, at least at this juncture, that Plaintiff merely disagrees with his care providers' treatment decisions and professional judgment which does not implicate the Eighth Amendment. *See, e.g. Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999)

2

(citing *Estelle*, 429 U.S. at 105-06) ("[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010) (to prevail on an Eighth Amendment denial of medical treatment claim, "the inmate must show more than negligence or the misdiagnosis of an ailment"). Thus, Plaintiff has failed to demonstrate that he is likely to prevail on any claim regarding the manner in which his medications are administered. Likewise, Plaintiff has failed to demonstrate that he will suffer irreparable injury in the absence of injunctive relief.

Finally, the Court finds, based on the present record, that injunctive relief is not in the public interest. In opposition to the present motion, Defendants have submitted an affidavit executed by Defendant Rickey Coleman, a licensed physician who currently serves as a Medical Director for Corizon Health, Inc. (ECF No. 42 at PageID.395-97). According to Coleman, the Michigan Department of Corrections has implemented a policy that "all mood-altering" medications be crushed prior to administration "as a security measure to stop medications from being diverted and sold to other inmates."

This policy is reasonable and the type of security measure which courts have been repeatedly instructed to respect. *See, e.g., Turner v. Safley*, 482 U.S. 78, 85 (1987) (operating a prison is a difficult task requiring "expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government"); *Flagner v. Wilkinson*, 241 F.3d 475, 481 (6th Cir. 2001) ("the adoption and execution of policies and practices that in [the] judgment [of prison officials] are needed to preserve internal order and discipline and to maintain

institutional security" in most circumstances "should be accorded wide-ranging deference"). Plaintiff has presented no evidence contradicting Coleman's assertions or otherwise calling into question the security concerns motivating the challenged action. In sum, consideration of the relevant factors weighs against Plaintiff's request.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for a Preliminary Injunction, (ECF No. 28), be denied.


Date: September 5, 2019          /s/ Phillip J. Green
                                 PHILLIP J. GREEN
                                 United States Magistrate Judge


## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).