UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HORACE CRUMP, #236528, )
                Plaintiff, )
) No. 1:18-cv-1216
-v- )
) Honorable Paul L. Maloney
RICKY COLEMAN, D.O., et al., )
                Defendants. )
)

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff Horace Crump's motion for a preliminary injunction (ECF No. 28). On September 5, 2019, United States Magistrate Judge Phillip J. Green issued a Report & Recommendation ("R&R") recommending that the Court deny Crump's motion (ECF No. 72). This matter is now before the Court on Crump's objection to the R&R (ECF No. 76), and Defendants' timely response (ECF No. 90). For the reasons to be discussed, the Court will overrule the objection and adopt the R&R as the Opinion of the Court.

### Legal Framework

With respect to a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with an R&R issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive, or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## Analysis

Crump raises a single objection to the R&R: he argues that the R&R failed to adequately address his request for an order requiring his care providers to continue to provide him the medicine he is prescribed. In Crump's eyes, the R&R erred by only addressing his second request—that his medicine not be crushed and dissolved.

While Crump is correct in stating that the R&R focuses on the "crush and dissolve" portion of his request, the R&R's analysis may properly be applied to the remainder of Crump's argument. As explained in the R&R, Crump's fundamental argument is that he disagrees with his medical providers' treatment decisions; such disagreement is not enough to create a Constitutional claim. *See, e.g., Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010); *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999). Therefore, this claim is just as unlikely to succeed as the crush and dissolve claim. Further, the R&R correctly concluded

that Crump has failed to demonstrate that he will suffer irreparable injury in the absence of injunctive relief on this argument: he offers nothing but conjecture to support his claim that the medical providers might decrease his dosage or stop medicating him. Nothing in Crump's objection changes the R&R's analysis, so the objection is overruled.

Additionally, the Court notes that enjoining Defendants from altering Crump's medication would likely interfere with Crump's ongoing medical treatment and might prevent Defendants from treating any changes in his condition. Crump's condition requires medical judgment, not judicial judgment: the Court is reluctant to step in and pre-judge or second-guess medical judgments. *See Westlake v. Lucas*, 537 F.2d 857, 860 n 5 (6th Cir. 1976). Thus, the preliminary injunction is not warranted. Given that there are no errors in the R&R,

**IT IS ORDERED** that the September 5, 2019 R&R (ECF No. 72) is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's objection to the R&R (ECF No. 76) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a preliminary injunction (ECF No. 28) is **DENIED**.

Date: February 28, 2020 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge