UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| HORACE W. CRUMP, #236528,      )<br>　　　Plaintiff,　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>-V-　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>RICKEY COLEMAN, D.O., et al.,　 )<br>　　　Defendants.　　　　　　　　)<br>　　　　　　　　　　　　　　　　) | No. 1:18-cv-1216<br><br>HONORABLE PAUL L. MALONEY |

## ORDER

This is a prison conditions case brought by state prisoner Horace Crump. The matter is now before the Court on Crump's motion for reconsideration (ECF No. 111) and his objections to a Report and Recommendation ("R&R") issued by Magistrate Judge Philip J. Green (R&R ECF No. 120; Objections ECF Nos. 125, 131). Defendants have responded to Crump's objections (ECF Nos. 130, 132). For the reasons to be stated, the Court will deny Crump's motion for reconsideration, overrule his objections, and adopt the R&R as the opinion of the Court.

### I.　　Motion for Reconsideration

Crump seeks reconsideration of this Court's February 28, 2020 Order (ECF No. 110) adopting a previous R&R from Magistrate Judge Green.

A motion for reconsideration may be granted when the moving party demonstrates a "palpable defect" by which the Court and parties have been misled and a showing that a different disposition of the case must result from the correction of the mistake. W.D. Mich. LCivR 7.4(a). The decision to grant or deny a motion for reconsideration under this Local

Rule is within the district court's discretion. *See Evanston Ins. Co. v. Cogswell Props., LLC*, 683 F.3d 694, 681 (6th Cir. 2012) (citation omitted).

A motion for reconsideration is not an opportunity to present new arguments that could have been presented before the court issued its ruling, but an opportunity for the court to reconsider those arguments already presented. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998); *see Evanston Ins.*, 683 F.3d at 692 (reviewing the district court's application of the palpable defect standard and upholding the denial of the motion for reconsideration because the arguments advanced in the motion were not raised during the prior proceedings). Neither is a motion for reconsideration a second opportunity for a party to present "new explanations, legal theories, or proofs." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001).

Crump's motion for reconsideration takes issue with the Court's characterization of his claim as one of "disagreement" with his medical providers. Crump argues that he "informed" prison officials that his treatment plan was ineffective and "asked" for different treatment. This change in verbiage, Crump asserts, requires a different disposition of the motion. The Court disagrees: the core of Crump's claim is that he disagreed with the treatment plan Defendants provided. The fact that he disagreed by informing and asking them for a different treatment plan does not change the core of his claim. There is no palpable error in the Court's February 28, 2020 ruling, so the motion for reconsideration will be denied.

II.   Objections to ECF No. 120

    a. Legal Framework

With respect to a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with an R&R issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding that the district court need not provide de novo review where the objections are frivolous, conclusive, or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

    b. Analysis: Doctor Defendants

Crump's first objection concerns Defendants Rickey Coleman, D.O., and Scott Holmes, M.D. (the "Doctor Defendants") (ECF No. 125). In this filing, he brings three main objections.

First, Crump argues that Magistrate Judge Green failed to take all inferences in his favor as "required by" Fed. R. Civ. P. 56. However, Crump has misstated the standard for summary judgment. At the summary judgment stage, the Court must evaluate the evidence as it exists: "the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995). This objection is incorrect as a matter of law, and it will be overruled.

Next, Crump reiterates the argument presented in his motion for reconsideration: that he did more than merely disagree with his providers because he affirmatively sought different treatment. However, as the R&R makes clear, disagreement with a treatment plan does not give rise to a constitutional claim. Rather, a plaintiff must demonstrate that medical professionals were deliberately indifferent to his medical needs. Crump has failed to make that showing, and nothing in this objection changes that conclusion. This objection will be overruled.

Crump's third objection argues that the R&R erred by concluding that Dr. Holmes did not retaliate against him. However, most of this objection fails to identify errors in the R&R's analysis; instead, Crump quotes from the R&R and reiterates his disagreement. There is only one specific objection: Crump argues that Dr. Holmes' failure to evaluate him on May 13, 2018 constituted deliberate indifference. However, on that date, Crump was examined by a Physician's Assistant and a Registered Nurse, and Dr. Holmes reviewed Crump's records the next day. The fact that Crump did not receive treatment from the care provider of his choice does not render his care deficient. This objection will be overruled.

    c. Analysis: MDOC Defendants

Crump's second objection concerns MDOC Defendants Douglas Cook, Michael Schafer, Randy Rewerts, and Kelly Steven (ECF No. 131). This objection focuses on the same issue as his first objection regarding the Doctor Defendants: that Magistrate Judge Green failed to take all inferences in his favor as the nonmoving party. As explained above, this is not the standard of review on a motion for summary judgment. This objection will be overruled.

III. Conclusion

For the forgoing reasons,

**IT IS ORDERED** that Plaintiff's motion for reconsideration (ECF No. 111) is **DENIED**.

**IT IS FURTHER ORDERED** that the July 17, 2020 R&R (ECF No. 120) is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's objections (ECF No. 125, 131) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants' motions for summary judgment (ECF Nos. 67, 80, 85) are **GRANTED in part and DENIED in part** as outlined in the R&R.

Judgment to follow.

**IT IS SO ORDERED.**

Date:   October 14, 2020                                          /s/ Paul L. Maloney
                                                                              Paul L. Maloney
                                                                              United States District Judge